UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCE ASSOCIATES, LLC; TG INVESTMENTS, LLC, and DOES 1-10,<br><br>Defendants. | Case No. 2:15-cv-00832-RFB-VCF<br><br>**ORDER** |

**I.  INTRODUCTION**

This matter is before the Court on a Motion to Set Aside Entry of Default, Motion for Extension of Time to Respond to Complaint, and Motion for Attorney's Fees, filed by Defendants TG Investments, LLC ("TGI") and Commerce Associates, LLC ("Commerce") (collectively, "Defendants") on June 19, 2015. ECF No. 9, 11, 12. For the following reasons, Defendants' Motion to Set Aside Entry of Default is granted. Defendants' Motion for Extension of Time is granted. Defendants' Motion for Attorney's Fees is denied.

**II.  BACKGROUND**

Plaintiff First American Title Insurance Company ("First American") filed a Complaint on May 4, 2015 alleging claims against Defendants for fraudulent concealment, negligent misrepresentation, unjust enrichment, and breach of contract. ECF No. 1. First American filed proof of service indicating that TGI and Commerce were each served with a copy of the Summons and Complaint on May 5, 2015. ECF No. 5, 6. On May 27, 2015, First American filed

a Motion for Entry of Clerk's Default against both Defendants, and default was entered that same day. ECF No. 7, 8.

On June 19, 2015, TGI and Commerce filed a Motion to Set Aside Clerk's Entry of Default. ECF No. 9. Defendants' Motion also contains a request for an extension of time to respond to the Complaint and a request for attorney's fees for Plaintiff's refusal to agree to set aside the default, which led to Defendants filing the instant Motion.

### III. LEGAL STANDARD

A court can set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, courts consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct leading to default, (2) whether it has a meritorious defense, and (3) whether the opposing party will be prejudiced. Brandt v. Amer. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). A finding against the moving party on any one of those factors is a sufficient basis to deny the motion to set aside the default. U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. (quoting Falk, 739 F.2d at 463). Additionally, the district court's decision is ultimately an equitable one that takes into account all relevant circumstances. Brandt, 653 F.3d at 1111. Where it is an entry of default—rather than a default judgment—that a party seeks to have set aside, courts have particularly broad discretion. O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994). Finally, any doubt should be resolved in favor of the movant as long as relief is timely sought and the movant has a meritorious defense. Id.

### IV. DISCUSSION

The Court finds that there is good cause to set aside the defaults of TGI and Commerce and to grant an extension of time to respond to the Complaint. However, the Court declines to award attorney's fees to TGI and Commerce for filing the instant motion.

**A. Motion to Set Aside Entry of Default**

Good cause exists to set aside Defendants' defaults. An analysis of the three "good cause" factors demonstrates that refusing to do so would be inappropriate here, particularly given the lack of any extreme circumstances that would justify a default judgment.

1. Culpable Conduct

A defendant engages in culpable conduct when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citations and internal quotation marks omitted), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). The mere fact that a defendant deliberately chose not to answer does not amount to culpability; "rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092. Id. (citation and internal quotation marks omitted). Culpability is ordinarily found where no explanation for the defendant's conduct would be "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Grp., 244 F.3d at 698. Further, where a party in default is "legally sophisticated" and represented by counsel, "an understanding of the consequences of its actions may be assumed, and with it, intentionality." Mesle, 615 F.3d at 1093.

Here, both TGI and Commerce engaged in culpable conduct by failing to timely respond to the Complaint. Service of process was made upon the registered agents for TGI and Commerce on May 5, 2015. ECF No. 5, 6. Neither TGI nor Commerce disputes that their registered agents were in fact served on this date. Further, service upon the registered agent of a corporation is valid, as the Federal Rules authorize service according to the law of the state where the district court is located and Nevada law provides that service may be made by serving the Summons and Complaint upon the registered agent of a Nevada corporation. See Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1); Nev. R. Civ. P. 4(d)(1). Thus, the Court finds that service was effective on TGI and Commerce as of May 5, 2015.

1    Defendants argue that their conduct was not culpable because they did not intentionally fail to respond. TGI and Commerce have provided evidence that neither of them was aware of the fact that they had been served until June 9, 2015, when TGI was notified of the arrival of the Summons and Complaint. Aff. of Scot Barton ¶ 3, Mot. Set Aside Entry of Default Ex. A, June 19, 2015, ECF No. 9 ("Barton Aff."). TGI retrieved the documents the next day and immediately notified Commerce of their existence. Id.; Aff. of Tom McManus ¶ 4, Mot. Set Aside Entry of Default Ex. C, June 19, 2015, ECF No. 9 ("McManus Aff.").

However, the fact that TGI and Commerce did not have *actual* notice of the Complaint until June 9, 2015 does nothing to alter the finding that they were served properly under the Federal Rules. "If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." Franchise Holding II, LLC v. Huntington Rest. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004) (internal quotation marks omitted). A party has constructive notice if service was effective under the Federal Rules and state procedural law, even if that party did not have actual notice. Pena v. Seguros, 770 F.2d 811, 815 (9th Cir. 1985).

Therefore, because TGI and Commerce were properly served, they had constructive notice of the action. By failing to answer, they engaged in culpable conduct. Moreover, intentionality can also be found because TGI and Commerce, as legally sophisticated entities, can be presumed to understand the consequences of failing to establish proper procedures for receiving notice of lawsuits from their registered agents. See Mesle, 615 F.3d at 1093.

2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on [the moving party] is not extraordinarily heavy." TCI Grp., 244 F.3d at 700. To satisfy this "minimal" burden, the facts alleged by the defendant, if true, must constitute a defense, and the truth of those facts "is not to be determined by the court when it decides the motion to set aside the default." Mesle, 615 F.3d at 1094. However, "[a] mere general denial without facts to support it is not enough to justify vacating a default or default judgment." Franchise Holding II, 375 F.3d at 926.

TGI and Commerce have satisfied their burden of presenting facts sufficient to establish a meritorious defense. In their motion, TGI and Commerce state that they intend to defend this action by demonstrating that the $934,000 debt that Commerce allegedly failed to pay to the City of Henderson, which serves as the basis for First American's claims, was in fact satisfied by Commerce. They also state that they are in the process of searching for records demonstrating proof of such payment, and have provided a Final Bond Release from the City of Henderson to Commerce, dated September 24, 2007. Mot. Set Aside Entry of Default Ex. D. This document purports to grant "a full and final acceptance and release" to Commerce of the Tuscany C-1 Channel Extension project, part of which allegedly required Commerce to pay the $934,000 fee to the City. Id. While the Final Bond Release is not necessarily conclusive evidence that this debt was satisfied, the language stating that the document grants "a full and final acceptance and release of this project" is at least some evidence that, if true, could potentially constitute a defense in this action.

Therefore, this factor weighs in favor of TGI and Commerce. Because it finds that the Final Bond Release is a potentially meritorious defense, the Court declines to consider the remaining defenses presented in Defendants' motion.

### 3. Prejudice

A finding of prejudice to the nonmoving party requires more than a simple delay in the resolution of the case. TCI Grp., 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment," as doing so simply "restores the parties to an even footing in the litigation." TCI Grp., 244 F.3d at 701. "The standard is whether [the plaintiff's] ability to pursue his claim will be hindered." Falk, 739 F.2d at 463; see also TCI Grp., 244 F.3d at 701 (delay is only prejudicial if it results in "tangible harm"—for example, if it results in the loss of evidence, makes discovery more difficult, or creates opportunities for fraudulent or collusive behavior) (quoting Thompson v. Amer. Home Assurance Co., 95 F.3d 429, 433-34 (6th Cir. 1996)).

TGI and Commerce's failure to timely respond to the Complaint was not prejudicial to First American for the purposes of Rule 55(c). First American has not shown that any tangible

harm has resulted from Defendants' delay or that its ability to pursue its claims will be hindered by setting aside the defaults. Instead, First American claims that it is prejudiced by the risk that TGI and Commerce will use this delay before judgment to hide assets. First American relies on Franchise Holding II, in which the Ninth Circuit found that the district court did not abuse its discretion in denying a motion to set aside a default judgment and finding that further delay would prejudice the plaintiff by affording the defendant the opportunity to hide assets. 375 F.3d at 926-27. First American argues that Defendants lack any basis for disputing that the debt is owed and that Defendants have ignored its previous efforts to collect that debt, making this case similar to Franchise Holding II. Unlike that case, however, the Court does not find at this time that there has been any behavior on the part of TGI or Commerce that would suggest an attempt to buy time to hide assets. As discussed above, Defendants have presented facts that, if true, could potentially be a meritorious defense. Additionally, ignoring First American's efforts to collect the alleged debt is not inconsistent with Defendants' position that they have already satisfied it. Therefore, the Court finds that the prejudice factor weighs in favor of Defendants.

In sum, while two of the factors in the "good cause" analysis favor setting aside the default entered against TGI and Commerce, the Court finds that they nonetheless engaged in culpable conduct by failing to timely respond to the Complaint. This factor alone could justify a refusal to set the default aside. However, in considering whether to set aside a party's default, the Court is guided by the principle that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Mesle, 615 F.3d at 1091 (quoting Falk, 739 F.2d at 463). Crucially, no extreme circumstances exist here that would justify clearing the path for default judgments against TGI and Commerce. Upon receiving the Summons and Complaint, TGI and Commerce immediately began taking steps to defend themselves in this action. Barton Aff. ¶¶ 7-8; McManus Aff. ¶ 5. Defendants have also shown that they are willing and able to fully participate in this case going forward.

Therefore, given the strong preference for deciding cases on their merits, the Court shall set aside the defaults of TGI and Commerce.

**B. Motion to Extend Time**

In their motion, Defendants also request an extension of time to file a response to the Complaint. Given the Court's decision to set aside their defaults, the Court finds good cause to grant an extension of time here.

**C. Motion for Attorney's Fees**

Finally, Defendants request that the Court award them attorney's fees for having to file the Motion to Set Aside Entry of Defaults. A court may require the payment of costs, expenses, and attorneys' fees by "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "The imposition of liability under this statute requires a finding that an attorney has acted recklessly or in bad faith." U.S. v. Assoc. Convalescent Enters., Inc., 766 F.2d 1342, 1346 (9th Cir. 1985).

Courts also have the inherent power to impose sanctions, including attorneys' fees, "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). However, this inherent power must be used with restraint. Id. at 44. Moreover, "[b]efore imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct." In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003).

The Court denies Defendants' motion for attorney's fees because it does not find that First American or its counsel acted in bad faith or recklessly or that it engaged in willful misconduct. Although the Court disagrees with First American's position and finds that the entries of default against Defendants should be set aside, there is no indication that First American's arguments were made in bad faith or for oppressive reasons. Moreover, even though First American's opposition to Defendants' motion resulted in increased time and expense, its opposition was reasonable, as evidenced by the Court's finding that TGI and Commerce engaged in culpable conduct and that this factor alone could have justified refusing to set aside their defaults. Therefore, Defendants' request for attorney's fees is denied.

/ / /

/ / /

## V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants TG Investments, LLC and Commerce Associates, LLC's Motion to Set Aside Clerk's Entry of Default (ECF No. 9) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants TG Investments, LLC and Commerce Associates, LLC's Motion for Extension of Time to Respond to Complaint (ECF No. 11) is GRANTED. Defendants shall have until **September 1, 2015** to answer or otherwise respond to the Complaint. Defendants are directed to withdraw their previously-filed Motion to Dismiss (ECF No. 16) if they elect to file a new Motion to Dismiss in light of the extension of time granted in this Order.

**IT IS FURTHER ORDERED** that Defendants TG Investments, LLC and Commerce Associates, LLC's Motion for Attorney's Fees (ECF No. 12) is DENIED.

DATED: August 13, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**

- 8 -