**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | |
| Plaintiff, | Case No. 2:15–cv–832–RFB–VCF |
| vs. | **ORDER** |
| COMMERCE ASSOCIATES, LLC, *et al.*, | MOTION TO STAY DISCOVERY (#29) |
| Defendants. | |

This matter involves First American Title Insurance Company's subrogation action against Commerce Associates, LLC. *See* (Compl. #1). Before the court is Commerce's Motion to Stay Discovery (#29). First American filed an opposition (#32) and Commerce replied (#22). For the reasons stated below, Commerce's motion is denied.

**I. Background**

Commerce Associates, LLC ("Commerce") is a master developer of mixed-used planned communities. *See* (Compl. (#1) at ¶ 8). In 2004, Commerce developed the Tuscany community in Henderson, Nevada. (*Id.*) To complete the project, the city required Commerce to construct a water-drainage facility, known as the "C-1 Channel." (*Id.*)

Construction of the C-1 Channel occurred in three phases. (*Id.*) During phase three, Tuscany and the city of Henderson entered into an agreement whereby the city granted Tuscany certain entitlements in exchange for completing phase three of the C-1 Channel and paying the city a $934,000 impact fee. (*Id.* at ¶ 9). The first installment of the impact fee was due on May 31, 2005. (*Id.* at ¶ 10). The second installment of the impact fee was due on November 30, 2005. (*Id.*)

Commerce allegedly made no payments to the city for the impact fee. *See* (*id*. at ¶ 11).

Seven years later, on December 21, 2012, Commerce executed a purchase-and-sale agreement with Greystone Nevada, LLC. (*Id*.) In exchange for a portion of the Tuscany property, the purchase-and-sale agreement provided that Greystone would pay Commerce $9 million. (*Id*.) The purchase-and-sale agreement also required Commerce to remove "all deeds of trust, mortgages, mechanic's liens, notices of *lis pendens*, and/or other monetary liens . . . whatsoever." (*Id*. at ¶ 38).

Before completing the transaction with Commerce, Greystone obtained a title-insurance policy from First American Title Insurance Company ("First American"). (*Id*. at ¶ 12). In pertinent part, the policy stated that First American is entitled to pursue any claim that Greystone "has against any person or property." (*Id*. at ¶ 15).

Commerce allegedly failed to remove the lien or disclose to Greystone that a lien existed as a result of Commerce's failure to pay the $934,000 impact fee. *See* (*id*. at ¶ 11).

Henderson, then, contacted Greystone and alleged that it held a lien against the property as a result of Commerce's failure to pay the impact fee. (*Id*. at ¶ 13). Greystone tendered a claim to First American, which settled the matter with the city. (*Id*. at ¶ 14). And First American commenced this action against Commerce, alleging that Commerce breached the purchase-and-sale agreement by failing to disclose that it had not paid the impact fee. The complaint pled four causes of action: (1) fraudulent concealment, (2) negligent misrepresentation, (3) unjust enrichment, and (4) breach of contract (i.e., breach of the purchase-and-sale agreement between Greystone and Commerce).

Commerce has since moved to dismiss and requested a stay of discovery pending a decision on the motion to dismiss. *See* (Docs. #27, 29). Commerce argues that First American failed to state a claim upon which relief can be granted because the impact fee did not constitute a lien and, even if it had, the underlying contract claim (i.e., the city's alleged lien) was time barred when Commerce sold the property

to Greystone. *See* (Doc. #27 at 2:24). In response, First American asserts the validity of the lien is not in controversy; liability turns on Commerce's contractual duties under the purchase-and-sale agreement. *See, e.g.*, (Doc. #28 at 7–8). This order follows.

## II. Legal Standard

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id*. "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id*. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982).

### III. Analysis

Commerce's Motion to Stay (#29) is denied. The motion asserts that First American's complaint should be dismissed because "each and every one of Plaintiff's claims is premised on the existence of an alleged 'lien' [, which] had expired or was extinguished by operation of law as of the date that Plaintiff's insured purchased the subject property because the underlying claims belonging to the city were time-barred." (Doc. (#27) at 8:10–14).

The court disagrees. First American's complaint is not premised on the existence of a lien; it is premised on the purchase-and-sale agreement and the promises Commerce made to Greystone in the purchase-and-sale agreement. The complaint alleges that section 6.01(a) of the purchase-and-sale agreement required Commerce to remove "all deeds of trust, mortgages, mechanic's liens, notices of *lis pendens*, and/or other monetary liens . . . whatsoever." (Compl. (#1) at ¶ 38). Here, First American plausibly alleges that Commerce failed to remove a lien. *See generally* (*id.*) Because First American's allegations are plausible, they are entitled to the assumption of the truth at this stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Under Nevada law, Commerce had a duty to disclose its nonpayment of the impact fee because the nonpayment (and the concomitant existence of a lien) was material to the purchase-and-sale agreement. *See Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007); *Phillips v. Homestake Consol. Placer Mines Co.*, 51 Nev. 226, 273 P. 657, 658 (1929) (citation omitted) ("If either party to a transaction conceals some fact which is material, which is within his own knowledge, and which it is his duty to disclose, he is guilty of actual fraud.").

As a result, Commerce's statute-of-limitations arguments fail as a matter of law. The purchase-and-sale agreement was executed in December of 2012. (Compl. (#1) at ¶ 11). This action was commenced on May 4, 2015. Therefore, First American's action is timely. *See* NEV. REV. STAT. § 11.190(1)(b) (prescribing a six-year limitations period for actions involving written contracts); NEV. REV. STAT. § 11.190(2)(c) (prescribing a four-year limitations period for actions "not founded upon an instrument in writing"). The date the underlying lien arose is irrelevant.

Commerce did not argue that the court's "preliminary peek" should "convince" the court that Commerce did not fail to disclose a lien or breach the purchase-and-sale agreement because the lien had been extinguished by operation of law. The court declines to speculate as to what the court's opinion

would have been had Commerce made this argument. The court merely notes that, when reviewing a motion to stay discovery pending a decision on a dispositive motion, the court's review is limited to the arguments raised by counsel in the dispositive motion. *See TradeBay*, 278 F.R.D. at 603. Here, Commerce contends that no debt or lien existed—not that no breach occurred. The court finds that this distinction is dispositive for purposes of this motion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay Discovery (#29) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE