**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>COMMERCE ASSOCIATES, LLC, a Nevada limited liability company; TG INVESTMENTS, LLC, a Nevada limited liability company; *et.al.*,<br><br>　　　　　　　Defendants. | Case No. 2:15–cv–832–RFB–VCF<br><br>**ORDER**<br><br>MOTION TO COMPEL TG INVESTMENTS TO PRODUCE DOCUMENTS (DOC. #39); MOTION TO DEEM MATTER ADMITTED, OR IN THE ALTERNATIVE, COMPEL COMMERCE ASSOCIATES TO PROVIDE AMENDED ANSWER TO REQUEST FOR ADMISSIONS (DOC. #42) |

This matter involves Plaintiff First American's civil action against Defendants Commerce Associates and TG Investments. Before the court is First American's motion to compel TG Investments to produce documents (Doc. #39), TG Investments' response (Doc. #43), and First American's reply (Doc. #45). Also before the court is First American's motion to deem matters admitted (Doc. #42), Commerce Associates' response (Doc. #44), and First American's reply (Doc. #47). For the reasons stated below, First American's motion to compel TG Investments to produce documents is granted and First American's motion to deem matters admitted is denied.

**I. Background**

In December 2012, Commerce Associates sold a multi-million dollar real estate development to non-party, Greystone Nevada, LLC. First American is Greystone's title insurer. After the sale of the development, the City of Henderson demanded approximately $934,000 in fees associated with the development. First American paid the fees on Greystone's behalf. First American then brought the instant action against the Defendants. First American alleges that Commerce Associates failed to disclose to Greystone, that the $934,000 in fees had never been paid. (Doc. #1). First American also

alleges that TG Investments is an alter ego of Commerce Associates and is joint and severably liable to First American.  (Doc. #1).

Commerce Associates and TG Investments filed a motion to dismiss.  (Doc. #27).  Among other defenses, TG Investments alleges that it is not an alter ego of Commerce Associates, thus it is not a proper party to this action.  The Defendants also moved to stay discovery pending the resolution of their motion to dismiss.  (Doc. #29).

First American served TG Investments with eight requests for production of documents (hereafter "RFP").  First American's RFPs requested documents related to TG Investments' membership, managers, and basic operations.  While the Defendants' motion to stay was pending, TG Investments responded as follows, "(i) [TG Investments] is not a proper party to this case … and (ii) discovery should be stayed pending resolution of the pending motion to dismiss."

This court subsequently denied the Defendants' motion to stay.  (Doc. #34).  The Defendants objected to this court's denial of their motion to stay discovery.  (Doc. #36).  TG Investments did not supplement its original responses to First American's RFPs.

First American also served Commerce Associates with requests for admission (hereafter "RFA").  First America's RFA No. 4 asked Commerce Associates, "Admit that Commerce did not disclose to Greystone at any time prior to December 22, 2012 the fact that it had not paid the C-1 Impact Fee to the City [of Henderson.]"  Commerce Associates responded as follows, "Denied because any such legal obligation to pay the C-1 Impact Fee no longer existed and there was no duty to disclose based on *inter alia*: (i) Defendant Commerce having paid such obligation; or (ii) the obligation to pay becoming time-bared under Nevada's applicable statutes of limitation."

First American now moves to compel TG Investments to produce responsive documents and moves to deem the matter in RFA No. 4 admitted as to Commerce Associates, or in the alternative, move to compel Commerce Associates to provide an amended response to RFA No. 4.

On February 18, 2016, the court granted in part and denied in part, the Defendants' motion to dismiss. (Doc. #50). The court: (1) dismissed First American's unjust enrichment claim, (2) did not dismiss TG Investments from the action, and (3) reopened discovery into First American's alter ego theory of liability. (Doc. #50). The Defendants' objections to this court's order denying the Defendants' motion to stay were denied as moot. (Doc. #50).

## II. Legal Standard

"Unless limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

## III. Discussion

The parties present two issues: (1) whether TG Investments must produce responsive documents and (2) whether RFA No. 4 should be deemed admitted or whether Commerce Associates must serve an amended response.

a.  <u>TG Investments Must Produce Documents Responsive to First American's RFPs</u>

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if ... a party fails to produce documents or fails to

3

respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

"A party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control any designated documents or electronically stored information." FED. R. CIV. P. 34(a)(1)(A).

Absent a court order, a party must participate in discovery. *See* FED. R. CIV. P. 26(c); *see also* FED. R. CIV. P. 26(b)(1). "The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending." *Ghanem v. The ADT Corp.*, Case No. 2:15-cv-1551-RFB-CWH, 2016 WL 845309 at* 1 (D. Nev. March 2, 2016). "Nor does the fact that discovery may involve some inconvenience and expense automatically warrant a stay of discovery." *Id.*

As an initial matter, all eight of First American's RFPs request information within the scope of discovery. Documents related to TG Investments' membership, management, and basic operations are relevant to determine whether TG Investments is an alter ego of Commerce Associates. The court now turns to TG Investments' ground for withholding responsive documents: (1) TG Investments is not a proper party to this actions and (2) discovery should be stayed pending resolution of the Defendants' motion to dismiss.

TG Investments' grounds for withholding responsive documents, after the court denied the Defendants' motion to stay, amounts to an impermissible, unilateral stay of discovery. Absent a court order, TG Investments was obligated to participate in discovery while the Defendants' motion to stay was pending. *See* FED. R. CIV. P. 26(c). TG Investments should have produced responsive documents while the Defendants' motion to stay was pending.

/// /// ///

Even if the Defendants' pending motion to stay had been a valid ground to withhold responsive documents, "[d]isagreement with the court is not an excuse for failing to comply with court orders." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990). After the court denied the Defendants' motion to stay, TG Investments should supplemented its original responses by producing responsive documents. Instead, TG Investments continued to withhold responsive documents, thus requiring First American to bring the instant motion to compel. As a named defendant in this action, TG Investments is obligated to participate in discovery unless the court orders otherwise.

TG Investments' response emphasizes that it will prevail in its motion to dismiss, thus TG Investments is not obligated to participate in discovery. TG Investments' arguments were addressed, and rejected, when the court denied Defendants' motion to stay discovery. (Doc. #34).

b.  <u>TG Investments Must Pay First American's Reasonable Expenses Associated With Bringing the Instant Motion to Compel</u>

"If the motion [to compel] is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) .

Here, TG Investments' decision to unilaterally stay discovery warrants sanctions. TG Investments' conduct inhibits the resolution of this action on the merits by implementing a stay of discovery which was denied by the court. TG Investments will be ordered to pay a portion of First American's expenses associated with bringing the instant motion to compel.

/// /// ///

/// /// ///

5

    c.    <u>First American's RFA No. 4 is Not Deemed Admitted and Commerce Associates Does Not Need to Provide an Amended Answer</u>

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." FED. R. CIV. P. 36(a)(1).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." FED. R. CIV. P. 36(a)(4).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6).

Here, Commerce Associates properly denied First American's RFA No. 4. Rule 36 provides the party responding to a RFA with four options: (1) admit, (2) deny, (3) admit in part and deny in part, or (4) state that the party lacks sufficient information to admit or deny. Fed. R. Civ. P. 36(a)(4). Commerce Associates denied RFA No. 4 and reiterated its affirmative defenses. Commerce Associates' response was proper. Under Rule 36, Commerce Associates was not obligated to give a reason for its denial; First American cannot move to have the matter deemed admitted, or move for Commerce Associates to provide an amended response, based on Commerce Associates optional explanation for its denial.

First American's reliance on *Asea, Inc. v. S. Pac. Transp. Co.*, to assert Commerce Associates' response does not "fairly respond" to RFA No. 4, is misplaced. 669 F.2d 1242, 1245 (9th Cir. 1982). In *Asea*, the defendant responded that it: (1) "cannot admit or deny" Plaintiff's RFA, (2) made a reasonable inquiry, and (3) information that would allow it to admit or deny was not readily obtainable. *Id.* The *Asea* court affirmed a finding that the defendant's responses were inadequate on the ground that the defendant's responses simple tracked the language of Rule 36 without providing additional information about the defendant's "reasonable inquiry" and why information was not "readily obtainable." *See id.* at 1247. Here, Commerce Associates denies RFA No. 4 and provides an optional, case-specific basis for its denial. First American may not object to Commerce Associates' denial because it is not satisfied Commerce Associates' explanation.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that First American's Motion to Compel Responsive Documents from TG Investments (Doc. # 39) is GRANTED.

IT IS FURTHER ORDERED that, on or before March 22, 2016, TG investments pay $500.00 to First American, representing a portion of First American's reasonable expenses in bringing the instant motion to compel.

IT IS FURTHER ORDERED that First American's Motion to Deem Matters Admitted, or in the Alternative, Compel Commerce Associates to Provide Amended Answers (Doc. #42) is DENIED. First

/// /// ///

/// /// ///

/// /// ///

/// /// ///

7

American's request for expenses associated with bringing its motion to deem matters admitted is DENIED.

    IT IS SO ORDERED.

    DATED this 8th day of March, 2016.

                                                                           _____
                                                          CAM FERENBACH
                                                          UNITED STATES MAGISTRATE JUDGE