UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCE ASSOCIATES, LLC, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-00832-RFB-MDC<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court is Plaintiff First American Title Insurance Company's Motion for Judgment. ECF No. 201.

### II.   PROCEDURAL BACKGROUND

On May 4, 2015, Plaintiff commenced the current suit against Commerce Associates, LLC and TG Investments, LLC. ECF No. 1. On November 9, 2016, Plaintiff filed a Motion for Partial Summary Judgment. ECF No. 90. On September 29, 2017, the Motion was denied without prejudice and Plaintiff was given leave to refile after trial. ECF No. 105. The parties filed a joint proposed pretrial order on November 17, 2017 and trial was subsequently scheduled and postponed several times. ECF No. 108.

On July 1, 2019, Plaintiff filed a Motion for Leave to File a Renewed Motion for Partial Summary Judgment, seeking to renew its Motion for Summary Judgment and representing that if granted leave and if its motion for summary judgment were granted, it would voluntarily dismiss its remaining claims against Defendants. ECF No. 144. On March 3, 2020, the Court granted, in

part, the Motion for Leave to File a Renewed Motion for Partial Summary Judgment. ECF No. 156.

The Motion for Summary Judgment considered Plaintiff's breach of contract and unjust enrichment claims, as well as Plaintiff's claim that Defendants Gonzales and TG Investments, LLC are joint and severally liable for Commerce's alleged debts pursuant to a theory of alter ego liability. On June 8, 2020, the Court granted in part and denied in part the Motion for Summary Judgment. ECF No. 164. The Court granted summary judgment on the breach of contract claim. The Court denied summary judgment without prejudice with regard to the unjust enrichment claim, because this cause of action is not available when there is an express, written contract. On the same date, the Clerk's Office entered judgment in favor of First American on its breach of contract claim. ECF No. 165. On July 14, 2020, the Court issued Minutes of Proceeding vacating the Clerk's entry of judgment. ECF No. 174. The Court stated that the order regarding the Motion for Summary Judgment was not intended to be a final judgment, or an appealable final order, under Federal Rule of Civil Procedure 54(a). Id.

On April 7, 2020, the Court vacated the pretrial conference and jury trial in light of the global pandemic and set a status conference. ECF No. 161. An evidentiary hearing was held on January 12, 2021. ECF No. 192.

### III.   LEGAL STANDARD

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54.

Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the

case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court. James v. Price Stern Sloan, 283 F.3d 1064 n.6 (9th Cir. 2002) (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir. 1991)).

When a district court resolves fewer than all claims among all parties, the court may direct entry of judgment only if the court expressly determines that there is no just reason for delay. Rapp v. Franklin Cty., No. 22-35592, 2023 U.S. App. LEXIS 31513 (9th Cir. Nov. 29, 2023). Otherwise, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Id. (citing Fed. R. Civ. P. 54(b)).

**IV.  DISCUSSION**

The Defendant opposes Plaintiff's Motion for Judgment by arguing that the Motion is requesting reconsideration of the Court's decision to vacate the Clerk's entry of judgment. However, the Court explicitly stated that it denied entry of judgment under Federal Rule of Civil Procedure 54(a). Presently, the Plaintiff requests entry of judgment under Federal Rule of Civil Procedure 54(b).

In the context of Fed. R. Civ. P. 54(b), the United States Supreme Court has indicated that it is proper for a district judge to consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once. Wood v. GCC Bend, LLC, 422 F.3d 873 n.2 (9th Cir. 2005). It has suggested that while the absence of any of these factors would not necessarily mean that certification was improper, it would require the district court to find a sufficiently important reason for nonetheless granting certification. Id.

Finality is achieved only if the court takes each of two steps—it must make an express determination that there is no just reason for delay, and it also must make an express direction for

1  the entry of judgment. United States v. Gila Valley Irrigation Dist., 859 F.3d 789, 797 (9th Cir.
2  2017). The Court finds that only two claims—breach of contract and, in the alternative, unjust
3  enrichment—remained at the time of its June 8, 2020 Order. The June 8 Order resolved both of
4  these claims on the merits. It granted summary judgement on the former and denied it without
5  prejudice as to the latter. The Court further finds that the only remaining unresolved issue was that
6  of alter ego liability regarding Defendants TG Investments, LLC and Tom Gonzalez. The Court
7  thus finds that the breach of contract claim and unjust enrichment claims are severable from the
8  dispute as to alter ego. The Court further finds consistent with its prior order that the amount of
9  damages for the breach of contract claim is $300,000.

10  Moreover, the Court finds that there is no reason for delay. The Court decided the claims
11  against Commerce on the merits over three years ago. Due to the pandemic and administrative
12  oversight, the case was delayed. The Court now issues this order.

13  Accordingly, the Court finds there is no just reason for delay and directs entry of judgment
14  in favor of Plaintiff First American Title Insurance Company against Defendant Commerce
15  Associates, LLC.

16  **V.   CONCLUSION**

17  **IT IS THEREFORE ORDERED** that the Motion for Entry of Judgment (ECF No. 201)
18  is **GRANTED** in favor of First American Title Insurance Company on the breach of contract cause
19  of action pursuant to Federal Rule of Civil Procedure 54(b). The Clerk is instructed to enter
20  judgment accordingly with damages in the amount of $300,000. The Court reserves its finding as
21  to fees and costs until a motion for such fees and costs is filed.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    **IT IS FURTHER ORDERED** that Plaintiff must file any motion for fees and costs
2    consistent with this order by **April 21, 2024**.
3    **IT IS FURTHER ORDERED** that the Court will issue a separate written ruling as to alter
4    ego liability.

6    **DATED:** March 30, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**